# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 159

In the Matter of the Application for
Disciplinary Action Against Stephen J.
Baird, a Person Previously Admitted to
the Bar of the State of North Dakota

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

     v.

Stephen J. Baird,                                                Respondent

## No. 20230075

Application for disciplinary action.

SUSPENSION ORDERED.

Per Curiam.

**Per Curiam**

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Stephen J. Baird be suspended from the practice of law in North Dakota for 60 days, refund clients in the amount of $3000 and pay $250 in costs and expenses of the disciplinary proceeding. We adopt the hearing panel's findings and recommended sanctions as explained below, and order suspension.

[¶2]   Baird was admitted to practice law in North Dakota on September 27, 2013. Effective July 21, 2022, Baird was disbarred. *See Disciplinary Bd. v. Baird*, 2022 ND 146, 977 N.W.2d 702. Baird was again disbarred effective December 8, 2022. *See Disciplinary Bd. v. Baird*, 2022 ND 227, 985 N.W.2d 56. Baird was the owner and sole partner of Baird Law, which was located in Fargo, North Dakota.

[¶3]   On August 4, 2022, Baird was served with a summons and petition for discipline. Baird failed to answer the petition and Disciplinary Counsel moved for default. Baird is in default and the charges in the amended petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3. l(E)(2).

[¶4]   On February 27, 2023, the hearing panel filed default findings of fact, conclusions of law, and recommendations for discipline. The hearing panel found that Baird was retained to represent a husband and wife to file for bankruptcy. Baird assigned an associate attorney to handle the file. The associate attorney failed to act with reasonable diligence and promptness and Baird took over representation. Baird also failed to act with reasonable diligence and promptness, failed to keep the clients reasonably informed about the status of their matter, failed to respond to reasonable requests for information, failed to take steps reasonably necessary to protect the clients' interests after the attorney-client relationship broke down, and failed to take reasonable remedial action with respect to his associate's handling of the bankruptcy.

[¶5] The hearing panel concluded Baird's conduct violated N.D.R.Prof. Conduct 1.3, Diligence, by failing to act with reasonable diligence and promptness after he informed the clients he would be taking over their bankruptcy; 1.4, Communication, by failing to communicate with the clients regarding their case when he took over handling their case on behalf of the firm; 1.16(e), Declining or Terminating Representation, by failing to take reasonable steps to protect the clients' interests after the attorney-client relationship broke down by returning any file materials or refund any unearned retainer funds; and 5.1(c)(2), Responsibilities of Partners, Managers, and Supervisory Attorneys, by failing to take reasonable remedial action with respect to his associate's lack of diligence and communication in handling the file when he became aware of her failures. The hearing panel concluded the clients were injured as a result of Baird's conduct because their case was delayed, they have been unable to get a copy of their file, and they have not received a return of any unearned funds.

[¶6] The hearing panel considered aggravating factors of prior disciplinary offenses, a pattern of misconduct, and a demonstrated indifference to making resolution. It considered mitigating factors of imposition of other penalties and sanctions and remoteness of prior offenses. The hearing panel recommended that Baird be suspended for 60 days; pay restitution to the clients, and pay costs and expenses of the disciplinary proceedings.

[¶7] The hearing panel's report was served on Baird and disciplinary counsel on March 10, 2023, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶8] Under N.D.R. Lawyer Discipl. 4.5(c), a short or long suspension can be imposed. A short suspension is six months or less and a long suspension is more than six months. A lawyer is not required to prove rehabilitation and can resume practice after a short suspension. A lawyer is required to prove rehabilitation and apply for reinstatement as a result of a long suspension. After review of the matter, we concluded a long suspension of six months and one day rather than a short suspension of six months is the appropriate

sanction for Baird's conduct under the North Dakota Standards for Imposing Lawyer Sanctions. Because we intended to deviate from the recommended sanction to impose a suspension of six months and one day, the parties were provided an opportunity to file objections. Objections were due on or before April 26, 2023. No objections were received.

[¶9] IT IS ORDERED, that Stephen J. Baird is SUSPENDED from the practice of law for six months and one day, effective immediately.

[¶10] IT IS FURTHER ORDERED that Baird pay restitution to the clients in the amount of $3,000 within 30 days of entry of judgment.

[¶11] IT IS FURTHER ORDERED that Baird pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Dept. 180, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶12] IT IS FURTHER ORDERED that for any amounts already paid by the North Dakota Client Protection Fund on Baird's behalf, he make restitution within 90 days of entry of the judgment. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Baird make restitution to the Fund within 90 days of receiving notice payment was made.

[¶13] IT IS FURTHER ORDERED that Baird comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶14] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr