# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 188

In the Matter of the Application for
Disciplinary Action Against Stephen J.
Baird, a Person Previously Admitted to
the Bar of the State of North Dakota

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                         Petitioner

      v.

Stephen J. Baird,                                                          Respondent

## No. 20230277

Application for disciplinary action.

DISBARMENT ORDERED.

Per Curiam.

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Stephen J. Baird be disbarred from the practice of law in North Dakota and refund clients in the amount of $2,000. We adopt the hearing panel's findings and recommended sanctions as explained below, and order suspension.

[¶2]   Baird was admitted to practice law in North Dakota on September 27, 2013. Effective July 21, 2022, Baird was disbarred. *See Disciplinary Bd. v. Baird*, 2022 ND 146, 977 N.W.2d 702. Baird was disbarred effective December 8, 2022. *See Disciplinary Bd. v. Baird*, 2022 ND 227, 985 N.W.2d 56. Baird was

1

suspended for six months and one day effective August 17, 2023. *See Disciplinary Bd. v. Baird*, 2023 ND 159, 994 N.W.2d 377. Effective September 8, 2022, Baird was reciprocally disbarred by the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security. Baird was the owner and sole partner of Baird Law, which was located in Fargo, North Dakota.

[¶3] Disciplinary Counsel filed an affidavit outlining unsuccessful efforts to serve Baird in this disciplinary matter. Therefore, service in this matter was made on the Clerk of the Supreme Court under Admission to Practice R. 1. Baird failed to answer the petition and Disciplinary Counsel moved for default. Baird is in default and the charges in the amended petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.l(E)(2).

[¶4] On August 14, 2023, the hearing panel filed default findings of fact, conclusions of law, and recommendations for discipline. The hearing panel found that Baird was retained for $2,000 to represent a client in an immigration matter. Baird was hired to represent the client on an I-360 green card petition. The I-360 petition was based on violence against the client and must be filed within two years from when a divorce is finalized. Baird failed to communicate with the client. When the client was able to reach Baird, the client stated Baird knowingly misrepresented the status of the case. He did not monitor the case and did not notify the client of filings. Baird did not respond to a request for evidence, which led to denial of the client's petition. Baird failed to notify the client of denial of the petition. Baird's failure to notify U.S. Citizenship and Immigration Services of his new office address caused a delay in receiving the denial of the petition and notification to the client. Despite requests, the client did not receive a copy of his file or refund of the fee.

[¶5] The hearing panel concluded Baird's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, by failing to act with reasonable diligence and promptness; 1.4, Communication, by failing to keep the client reasonably informed about the status of a matter and by failing to respond to reasonable requests for information; and 1.16(e), Declining or Terminating Representation, by failing to take reasonable steps to protect the client's

2

interests by providing a complete copy of the client file or return any unearned fees to the client.

[¶6] The hearing panel considered aggravating factors of prior disciplinary offenses and a pattern of misconduct. The hearing panel recommended that Baird be disbarred and pay $2,000 restitution to the client.

[¶7] The hearing panel's report was served on Baird and disciplinary counsel on August 16, 2023, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and:

[¶8] IT IS ORDERED, that Stephen J. Baird is DISBARRED from the practice of law, effective immediately.

[¶9] IT IS FURTHER ORDERED that Baird pay restitution to the client in the amount of $2,000 within 30 days of entry of judgment.

[¶10] IT IS FURTHER ORDERED that for any amounts already paid by the North Dakota Client Protection Fund on Baird's behalf, he make restitution within 90 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Baird make restitution to the Fund within 90 days of receiving notice payment was made.

[¶11] IT IS FURTHER ORDERED that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶12] IT IS FURTHER ORDERED that Baird comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr